```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                             FILED
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA           JUL 2 2 2005
                 ROANOKE DIVISION
                                                     JOHN F. CORCORAN, CLERK
                                                     BY:
                                                           DEPUTY CLERK
```

| | | |
|---|---|---|
| **ANTHONY TURNER,** | ) | |
| Plaintiff, | ) | Civil Action No.7:05-cv-00458 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LARRY HUFFMAN, et al.,** | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Anthony Turner, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Turner sues Marion Correctional Treatment Center (MCTC) officials for failing to transport him to court for a hearing regarding his appeal of an involuntary commitment order. Turner also applies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be filed for administrative purposes only and dismissed without prejudice under Subsection (g) of §1915.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720

(W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee[1] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Turner alleges that on June 24, 2005, MCTC officials failed to have Turner transported to the Smyth County Circuit Court for a scheduled hearing on his appeal of an involuntary commitment order entered against him in January 2005. The court entered an order dismissing the appeal. The record indicates that Turner was represented by counsel at the hearing. Turner alleges that because he was not present at the hearing, he suffered "assassination of character," and as relief in this lawsuit, he asks the court to "Grant notice of what plaintiff's primary function in life is that magnetically collide? Any further relief deemed just by the court."

Clearly, the complaint does not allege any facts indicating that Turner is in imminent danger of physical harm related to his claims. Accordingly, the court cannot find that he has satisfied the requirements to proceed under §1915(g) without prepayment of the filing fee.[2] As plaintiff has three "strikes" and has failed to demonstrate any imminent danger of serious physical harm within the meaning of §1915(g), the court must deny Turner's request to proceed in forma pauperis in this

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).

[2] Furthermore, Turner's allegations do not appear to state any claim under §1983 upon which the court could grant relief. Grievance responses in the record indicate that prison officials did not have a court order directing that Turner be transported to the June 24, 2005, hearing. Therefore, they would have qualified immunity against any §1983 claim for monetary damages that could arise from their failure to transport Turner to court that day. See Saucier v. Katz, 533 U.S. 194, 200 (2001) (officers entitled to qualified immunity if objectively reasonable officer could not have known that his conduct violated clearly established constitutional right).

2

action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This  21st  day of July, 2005.

/s/ James C. Turk
Senior United States District Judge